Deaderick, C. J.,
delivered the opinion of the court:
Plaintiff in error was acting as mayor in the absence of the mayor of the city of Memphis. While so acting, the recorder was also absent, and plaintiff assumed to act as recorder during his absence, thus performing the functions of both offices at the same time. While so acting, he tried several state cases, rendering his judgments by signing himself, “J. P., Acting Recorder of Memphis, Teun.”
In taxing tho costs in criminal cases, returned to the criminal court, at Memphis, by Williamson, while acting as aforesaid, the judge refused to allow him any costs for war; *764 rants issued and judgments so rendered by him, and be lias brought this case here by appeal, and insists that as acting mayor be is eex officio a justice of the peace, and entitled in state cases to the same fees allowed other justices of the peace. Yet the judgments do not appear to have been signed, nor the warrants issued by him in that character.
And while it is also true that the recorder is also ex officio a justice of the peace, yet the record shows that Duff was the recorder, and not plaintiff in error, and that plaintiff in error, at the time of issuance of the warrants and rendition of the judgment, was temporarily exercising the functions of the mayor in the absence of Mayor Flip-pin, and, although he might have appointed a pro' tern recorder in Duff’s absence, no such appointment, in fact, was made, nor could plaintiff in error have appointed himself recorder while performing the duties of the office of mayor, nor could he rightfully assume to perform the functions of the recorder in virtue of his office as mayor — the two offices being essentially different and distinct.
The judgment will be affirmed.